FILED

IN THE UNITED STATES DISTRICT COURT  2012 MAR -9  P 4: 04
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | )
IN RE NATIONAL SECURITY | )
LETTER | )
| ) MISC NO. 12-__1:12mc7___ AJT/IDD
| )
| ) REDACTED
| )
| )

## PETITION FOR JUDICIAL REVIEW AND ENFORCEMENT OF A NATIONAL SECURITY LETTER PURSUANT TO 18 U.S.C. § 3511

Petitioner Eric Holder, the Attorney General of the United States of America, by his undersigned attorneys, brings this petition for judicial review to enforce the nondisclosure provisions of a National Security Letter, and states as follows:

### INTRODUCTION

1. Counterintelligence and counterterrorism investigations ordinarily must be carried out in secrecy if they are to succeed. Because these investigations are directed at groups or individuals taking efforts to keep their own activities secret, it is essential that targets not learn that they are the subject of such an investigation. If targets learn that their activities are being investigated, they can be expected to take action to avoid detection or disrupt the government's intelligence gathering efforts. The same concern applies to knowledge about the sources and methods the United States intelligence community may be using to acquire information, knowledge which can be used both by the immediate targets of an investigation and by other terrorist and foreign intelligence organizations. And even after a particular investigation has

been completed, information about the government's investigative methods can educate other potential targets about how to circumvent and disrupt future counterintelligence or counterterrorism investigations.

2. As part of an ongoing, authorized national security investigation by the Federal Bureau of Investigation ("FBI"), on ▬▬▬ 2012, the FBI served respondent ▬▬▬ with a National Security Letter ("NSL") dated ▬▬▬ 2012, as authorized by statute, 18 U.S.C. § 2709, seeking limited and specific information necessary to the investigation. An authorized FBI official certified to respondent that disclosure of the fact or contents of the NSL sent to respondent may, *inter alia*, endanger national security. Moreover, disclosure of the fact or contents of the NSL is prohibited by statute, 18 U.S.C. § 2709.

3. Respondent ▬▬▬ requested in the NSL, which includes the ▬▬▬ electronic communications transactional records associated with ▬▬▬ owned and serviced by respondent ▬▬▬ However, on or about ▬▬▬ 2012, respondent also informed the FBI that, ▬▬▬ it wishes to inform the ▬▬▬ identified in the NSL of the fact and contents of the NSL. As an authorized FBI official has certified pursuant to law, 18 U.S.C. § 2709(c), disclosure of the fact or contents of the NSL may endanger the national security of the United States. For that reason, the Attorney General brings this petition to protect the national security and enforce the law. This Court should enter an Order declaring that the respondent is bound by, and requiring respondent's compliance with, the nondisclosure provisions of 18 U.S.C. § 2709 and the NSL.

## JURISDICTION AND VENUE

4. The Court has jurisdiction pursuant to 18 U.S.C. § 3511(c), which provides that, when the recipient of an NSL "fail[s] to comply with [the] request for records, a report, or other information," the Attorney General "may invoke the aid of any district court of the United States within the jurisdiction in which the investigation is carried on or the person or entity resides, carries on business, or may be found, to compel compliance with the request." The NSL request here included notification and imposition of the nondisclosure requirement. *Accord* 18 U.S.C. § 2709(c)(2) (among other things, an NSL "notif[ies] the person or entity to whom the request is directed of the nondisclosure requirement."). Under section 3511(c), this Court "may issue an order requiring the person or entity to comply with the request," including its nondisclosure requirement, and failure to obey the order of the court may be punished as contempt. *Id.* The Court also has jurisdiction under 28 U.S.C. § 1345.

5. Venue lies in the Eastern District of Virginia pursuant to 18 U.S.C. § 3511(c) and 28 U.S.C. § 1391. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

## PARTIES

6. Petitioner is the Attorney General of the United States. The Attorney General is the nation's chief law enforcement officer and the head of the United States Department of Justice, an Executive Agency of the United States of America. The Federal Bureau of Investigation ("FBI") is a law enforcement agency within the Department of Justice.

7. Respondent ▓▓▓▓▓▓ is a corporation organized and existing under the laws of ▓▓▓▓▓▓ with employees dispersed across the world and one place of business ▓▓▓▓▓▓

[REDACTED] As operator of the [REDACTED] [REDACTED] respondent offers electronic communication services to its customers and accountholders.

## STATUTORY BACKGROUND

8. Title 18 U.S.C. § 2709 authorizes the FBI to issue National Security Letters in connection with foreign counterintelligence and counterterrorism investigations. The FBI has similar authority to issue NSLs under the National Security Act of 1947, the Fair Credit Reporting Act, and the Right to Financial Privacy Act. *See* 12 U.S.C. §§ 3414(a)(1) and 3414(a)(5); 15 U.S.C. § 1681u, 1681v; 50 U.S.C. § 436.

9. Subsections (a) and (b) of § 2709 authorize the FBI to request "subscriber information" and "toll billing records information," or "electronic communication transactional records," from wire or electronic communication service providers. In order to issue an NSL, a designated official must certify that the information sought is "relevant to an authorized investigation to protect against international terrorism or clandestine intelligence activities . . . ." *Id.* § 2709(b)(1)-(2). When an NSL is issued in connection with an investigation of a "United States person," the same officials must certify that the investigation is "not conducted solely on the basis of activities protected by the first amendment . . . ." *Id.*

10. To protect the secrecy of counterintelligence and counterterrorism investigations, § 2709(c) permits the placement of a nondisclosure obligation on an NSL recipient. Section 2709(c) prohibits disclosure when a designated FBI official certifies, prior to the issuance of the NSL, that "otherwise there may result a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference

with diplomatic relations, or danger to the life or physical safety of any person." *Id.* § 2709(c)(1). When such a certification is made, the NSL itself notifies the recipient of the nondisclosure requirement. *Id.* § 2709(c)(2).

11. Tile 18 U.S.C. § 3511 provides for judicial review of NSLs.

12. Section 3511(a) authorizes the recipient of an NSL to petition a district court "for an order modifying or setting aside the request" for information contained in the NSL.

13. Section 3511(b) authorizes the recipient of an NSL to petition a district court "for an order modifying or setting aside a nondisclosure requirement imposed in connection with" the NSL. *Id.* § 3511(b)(1).

14. Section 3511(c) authorizes the government to petition a district court for enforcement of an NSL. Section 3511(c) provides that, when the recipient of an NSL "fail[s] to comply with [the] request for records, a report, or other information," the Attorney General "may invoke the aid of any district court of the United States within the jurisdiction in which the investigation is carried on or the person or entity resides, carries on business, or may be found, to compel compliance with the request." Where a designated official has certified the need for nondisclosure pursuant to 18 U.S.C. § 2709(c), the NSL "request" includes notification and imposition of the nondisclosure requirement. *Id.* § 2709(c)(2). Pursuant to 18 U.S.C. § 3511(c), a court "may issue an order requiring the person or entity to comply with the request," including its nondisclosure requirement, and failure to obey the order of the court may be punished as contempt. *Id.*

## STATEMENT OF THE CLAIM

I.   ▓▓▓▓▓ and Electronic Communication Services

15. On and through its ▓▓▓▓▓ respondent offers services that offer respondent's users and accountholders the means to communicate electronically with others.

16. The various communications features that ▓▓▓▓▓ provides to the users and accountholders of ▓▓▓▓▓ are an "electronic communications service" as that term is defined in 18 U.S.C. § 2510(15). ▓▓▓▓▓ is the provider of this electronic communications service.

II.  **FBI's Investigation**

17. During the course of an ongoing, authorized national security investigation carried on primarily by agents in the ▓▓▓▓▓ of the FBI's ▓▓▓▓▓ the FBI obtained information that led it to conclude that the ▓▓▓▓▓ related to the ongoing, authorized national security investigation.

18. To determine the ▓▓▓▓▓ and pursuant to 18 U.S.C. § 2709, the FBI served ▓▓▓▓▓ with an NSL on or about ▓▓▓▓▓ 2012, requesting the ▓▓▓▓▓ electronic communications transactional records associated with the ▓▓▓▓▓ in question. The NSL does not request, and specifically excludes from its request, the content of any communication.

20. The NSL served on ▓▓▓▓▓ was issued by the Special Agent in Charge ("SAC") of the ▓▓▓▓▓ of the FBI under the authority of 18 U.S.C. § 2709. The SAC certified, in accordance with 18 U.S.C. § 2709(b), that the information sought was relevant

-6-

to an authorized investigation to protect against international terrorism or clandestine intelligence activities.

21. The NSL informed ▓ of the prohibition against disclosing the contents of the NSL, certifying, in accordance with 18 U.S.C. § 2709(c), that such disclosure could result in an enumerated harm that is related to an "authorized investigation to protect against international terrorism or clandestine intelligence activities."

23. The NSL notified ▓ that, in accordance with 18 U.S.C. § 3511(a) and (b), ▓ had a right to challenge the letter if compliance would be unreasonable, oppressive, or otherwise illegal.

24. The NSL also advised that ▓ had 10 days to notify the FBI as to whether it desired to challenge the nondisclosure provision. The NSL further advised that if ▓ advised the FBI within 10 calendar days that it objects to the nondisclosure provision, the government would initiate judicial proceedings approximately 30 days thereafter in order to demonstrate to a federal judge the need for nondisclosure pursuant to § 2709(c).

III. ▓ **Objection to Compliance with 18 U.S.C. § 2709(c)**

25. In a letter sent via facsimile dated ▓ 2012, respondent advised that ▓ ▓ To secure its compliance with the nondisclosure requirement, ▓ requested that the government "obtain a judicial order upholding and requiring nondisclosure" of the fact or contents of the NSL. Accordingly, ▓ registered its objection to the nondisclosure requirement imposed by the NSL and stated its

desire, absent a court order, to disclose information from the NSL in a manner prohibited by the NSL itself and 18 U.S.C. § 2709(c).

26. It remains the case today, as a designated FBI official has certified pursuant to 18 U.S.C. § 2709, that a disclosure of the fact that the FBI has sought or obtained access to the information sought by the NSL to ▮▮▮ may endanger the national security of the United States, interfere with a criminal, counterterrorism, or counterintelligence investigation, interfere with diplomatic relations, or endanger the life or physical safety of a person. *Accord* 18 U.S.C. § 2709(c)(1).

27. Pursuant to 18 U.S.C. § 3511(e), petitioner will make available to the Court *ex parte* and *in camera* further evidence supporting the need for nondisclosure of the fact or contents of the NSL to ▮▮▮

28. Respondent has stated its objection, absent a court order, to compliance with the nondisclosure requirement of a National Security Letter lawfully issued pursuant to 18 U.S.C. § 2709.

29. Respondent's failure to comply with a lawfully issued National Security Letter's nondisclosure requirement would violate federal law, 18 U.S.C. § 2709.

30. Respondent's failure to comply with a lawfully issued National Security Letter's nondisclosure requirement would interfere with the United States' vindication of its sovereign interests in law enforcement, counterintelligence, and protecting national security.

31. The National Security Letter nondisclosure requirement was imposed on respondent consistent with the law, 18 U.S.C. § 2709(c), is fully authorized and in all other respects is proper and entitled to enforcement by this Court.

**RELIEF REQUESTED**

WHEREFORE, the Attorney General of the United States requests the following relief:

1. That this Court enter an Order pursuant to 18 U.S.C. § 3511(c) that the respondent is bound by the nondisclosure provisions of 18 U.S.C. § 2709 and the NSL.

2. That this Court enter Order pursuant to 18 U.S.C. § 3511(c) affirming that disclosure of the fact or contents of the NSL to [REDACTED] may result in a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of a person; and that the respondent is bound by the nondisclosure provisions of 18 U.S.C. § 2709 and the NSL to [REDACTED] including the requirement that respondent not disclose the fact or contents of the NSL to any person (other than those to whom such disclosure is necessary to comply with the request or an attorney to obtain legal advice or legal assistance with respect to the request).

3. That this Court enjoin respondent, in accordance with 18 U.S.C. §§ 2709(c) and 3511(c), from disclosing to any person (other than those to whom such disclosure is necessary to comply with the request or an attorney to obtain legal advice or legal assistance with respect to the request) that the FBI has sought or obtained access to information or records from respondent under 18 U.S.C. § 2709.

4. That this Court grant petitioner such other and further relief as may be just and proper.

Dated: March  9 , 2012

Respectfully submitted,

| | |
|---|---|
| TONY WEST<br>Assistant Attorney General | NEIL H. MACBRIDE<br>United States Attorney |
| ARTHUR R. GOLDBERG<br>Assistant Director, Federal Programs Branch<br>STEVEN Y. BRESSLER D.C. Bar #482492<br>Senior Counsel<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>P.O. Box 883<br>Washington, D.C. 20044<br>Telephone:   (202) 305-0167<br>Facsimile:   (202) 616-8470<br>Steven.Bressler@usdoj.gov | By: _/s/ KJ Mikolashek_<br>R. JOSEPH SHER<br>KEVIN MIKOLASHEK<br>Assistant United States Attorneys<br>2100 Jamieson Avenue<br>Alexandria, VA 22315<br>Telephone:   (703) 299-3809<br>Facsimile:   (703) 299-3983<br>Kevin.Mikolashek@usdoj.gov |