FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2012 MAR -9 P 4: 06

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN RE NATIONAL SECURITY LETTER.

)
)
)
)
)
)
)
)
)
)

Misc. No. 12-7

AJT/IDD

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO SEAL

Pursuant to Local Civil Rule 5(C), the Attorney General submits this memorandum of law in support of his Motion to Seal.

### INTRODUCTION

This action is a petition for judicial review brought by the Attorney General of the United States pursuant to 18 U.S.C. § 3511 to enforce the nondisclosure provisions of a National Security Letter ("NSL") issued by the Federal Bureau of Investigation ("FBI") to respondent pursuant to 18 U.S.C. § 2709. Section 2709 is one of a number of statutes that authorize the government to collect information in service of a national security investigation and to safeguard the required secrecy of such investigations by preventing private parties to whom the government turns for information from destroying the confidentiality of the government's inquiry. Pursuant to Section 2709(c), a designee of the Director of the FBI certified that the NSL served on defendant must remain secret to prevent harm to, *inter alia*, national security, and therefore Section 2709(c), as well as the NSL, requires that the fact and contents of the NSL to respondent not be publicly disclosed.

4

To prevent public disclosure of this confidential information, the Attorney General requests that the petition and related filings, the certificates of service filed herewith and with the Attorney General's Motion to Set Briefing Schedule, and future filings in this case be placed under seal pending further Order of this Court. The government will move for partial unsealing of documents as soon as practicable and to the extent that such filings can be publicly disclosed, in whole or in part, consistent with national security and 18 U.S.C. § 2709.

## ARGUMENT

The Court of Appeals for the Fourth Circuit has set forth procedures governing the sealing of documents that would otherwise be placed onto the public record. As the Fourth Circuit held:

> [B]efore a district court may seal any court documents . . . it must (1) provide public parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988); *In re the Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). This Court has incorporated these "*Ashcraft* factors" into its local rules. *See* Loc. Civ. R. 5.[2]

---

[2] Local Rule 5(C) requires that the party moving to seal documents provide:

(1) [a] non-confidential description of what is to be sealed; (2) [a] statement as to why sealing is necessary, and why another procedure will not suffice; (3) [r]eferences to governing case law; and (4) [u]nless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.

The rule also provides that the moving party must provide a proposed order reciting "the findings required by governing case law to support the proposed sealing."

The first *Ashcraft* factor is inapposite at this stage in the proceeding because, as discussed further below, the case filings are properly sealed pursuant to statute, 18 U.S.C. § 3511. Nonetheless, at this time the Attorney General requests that the Court place under seal (1) the government's Petition, which identifies respondent, sets forth the factual and legal basis for enforcement of the NSL nondisclosure requirement, and asks the Court to issue an Order that respondent is bound by, and must abide by, the nondisclosure requirements of 18 U.S.C. § 2709(c) and the NSL; (2) the Certificates of Service for this Motion and for the Motion to Set Briefing Schedule also filed this date, which identify respondent; and (4) future filings in this case.

Congress has specifically provided by statute for the sealing of information such as this in proceedings concerning NSLs. Title 18 U.S.C. § 3511 (under which the government brings this action) provides that "[p]etitions, filings, records, orders, and subpoenas must . . . be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a request for records, a report, or other information made to any person or entity under section 2709(b) . . . ." 18 U.S.C. § 3511(d). In the NSL itself, an authorized FBI official certified, pursuant to 18 U.S.C. § 2709(c)(1), that disclosure of the fact that the FBI has requested the information sought by the NSL "may result [in] a danger to the national security of the United States, interference with a criminal, counterterrorism, or counterintelligence investigation, interference with diplomatic relations, or danger to the life or physical safety of any person." *See* 18 U.S.C. § 2709(c)(1).[3] To date, the FBI has not authorized public disclosure of the fact or contents of the NSL to defendant pursuant to section 2709.

---

[3] Pursuant to 18 U.S.C. § 3511, the Attorney General will make available to the Court as soon as practicable for the Court's review *ex parte* and *in camera* further information explaining the need for continued nondisclosure of the fact or contents of the NSL to respondent. *See* 18 U.S.C.

Sealing is thus appropriate, and with respect to the remaining *Ashcraft* factors, national security concerns warrant that these documents be placed under seal, as there are no less drastic alternatives that allow this action to proceed and prevent the disclosure of information that, if disclosed, may, *inter alia*, harm the national security of the United States. *Cf. United States ex rel. Jack Permison v. Superlative Techs.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007) (Ellis, J.) ("sealing of court records is not warranted absent presence of factors sufficient to outweigh strong interest in public access, such as national security considerations"). Proceeding *without* placing documents under seal would lead to public disclosure through the judicial process of the very information that 18 U.S.C. § 2709(c) and the Attorney General's Petition are intended to protect. Moreover, requiring that the government proceed entirely on the public docket would run contrary to Congress's clear intent that the Attorney General have recourse in federal court to enforce National Security Letters, and that such recourse be under seal for as long as and to the extent necessary to protect national security. *See* 18 U.S.C. § 3511(d). There are, therefore, not any "less drastic alternatives," *see Ashcraft v. Conoco, Inc.*, 218 F.3d at 302, to sealing the unredacted versions of these documents (and future filings) to the extent and for as long as necessary to prevent an unauthorized disclosure of the confidential law enforcement information at issue.

As to the final *Ashcraft* factor, pursuant to § 18 U.S.C. § 3511(d) the government asks the Court to maintain documents in this case under seal "to the extent and as long as necessary to prevent the unauthorized disclosure of" information concerning the NSL issued pursuant to 18 U.S.C. § 2709. The government is filing a redacted version of the Petition that may be made

---

§ 3511(e) ("In all proceedings under this section, the court shall, upon request of the government, review *ex parte* and *in camera* any government submission or portions thereof, which may include classified information.").

publicly available, and will work internally and with respondent to provide to the Court redacted copies of all future filings in this case as soon as practicable and move those filings be partially unsealed to the extent consistent with national security and the law. These partially unsealed, public filings will minimize the amount of information maintained under seal while permitting the government and the Court to protect sensitive information pursuant to 18 U.S.C. § 3511(d) and *Ashcraft*.

## CONCLUSION

For the foregoing reasons, the Attorney General respectfully requests that the Court enter an Order pursuant to Local Civil Rule 5 placing the unredacted versions of the already-filed documents under seal until further Order of the Court, and providing that all future filings in this case will be placed and maintained under seal until further Order of the Court.

Dated: March 9, 2012

                                      Respectfully submitted,

                                      TONY WEST
                                      Assistant Attorney General

                                      NEIL H. MacBRIDE
                                      United States Attorney

                                      ARTHUR R. GOLDBERG
                                      STEVEN Y. BRESSLER
                                      U.S. Department of Justice
                                      Civil Division, Federal Programs Branch
                                      Post Office Box 883
                                      Ben Franklin Station
                                      Washington, DC  20044
                                      Tel:  (202) 305-0167
                                      Fax:  (202) 616-8470
                                      Steven.Bressler@usdoj.gov

By:

_____
R. JOSEPH SHER
KEVIN MIKOLASHEK
Assistant U.S. Attorneys
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3809
Fax: (703) 299-3983
Kevin.Mikolashek@usdoj.gov

9